UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MARY KOMONGNAN, | ) |
| | ) |
| Plaintiff | ) |
| | ) Case No: 06-00909 (ESH) |
| v. | ) |
| | ) |
| U.S. MARSHALS SERVICE | ) |
| | ) |
| Defendant. | ) |
| | ) |

**DEFENDANT'S MOTION TO DISMISS**

Pursuant to Rule 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure, Defendant U.S. Marshals Service, through counsel, respectfully moves this Court to dismiss Plaintiff's complaint on the grounds that this Court lacks jurisdiction over the subject matter and Plaintiff failed to state a claim under which relief can be granted. In support of this motion, Defendant respectfully refers the Court to the attached memorandum of points and authorities and declaration.

Because this is a dispositive motion, the undersigned has not sought Plaintiff's consent before filing it. LCvR 7 (m).

October 25, 2006                              Respectfully submitted,


_____/s/_____
JEFFREY A. TAYLOR, D.C. BAR # 498610
United States Attorney


_____/s/_____
RUDOLPH CONTRERAS, D.C. BAR # 434122
Assistant United States Attorney.


_____/s/_____
ANDREA McBARNETTE, D.C. Bar # 483789
Assistant United States Attorney
555 Fourth Street, N.W.
Washington, D.C. 20530
(202) 514-7153

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MARY KOMONGNAN, )<br>)<br>   Plaintiff )<br>) | Case No: 06-00909 (ESH) |
|   v.  )<br>) | |
| U.S. MARSHALS SERVICE )<br>) | |
|    Defendant. ) | |

**<u>DEFENDANT'S MEMORANDUM IN SUPPORT OF MOTION TO DISMISS</u>**

  Defendant U.S. Marshals Service ("USMS"), through counsel, respectfully moves this Court to dismiss Plaintiff's complaint for failure to state a claim under which relief can be granted and for lack of jurisdiction. Plaintiff brings suit under <u>Bivens v. Six Unknown Named Agents of the Fed. Bureau of Narcotics</u>, 403 U.S. 388 (1971) for damages based upon an alleged unreasonable search.

**STATEMENT OF FACTS**

  On May 17, 2003, United States Marshals allegedly arrived at the residence of the Plaintiff. Compl. at ¶ 1. The U.S. Marshals allegedly did not show a warrant. They allegedly stated that they were looking for a Mr. Ameer Culbreath and that he was on the back porch of the residence. Plaintiff alleges that the U.S. Marshals were told that Mr. Culbreath was already incarcerated at that time. Compl. at ¶¶ 2-3. Plaintiff admits that she consented to the search of her residence. Compl. at ¶ 4. One officer allegedly went down to the basement to look for Mr. Culbreath. Plaintiff allegedly went to the basement to tell this officer that Mr. Culbreath was already in jail. Compl. at ¶¶ 4-6. Allegedly, the officer, who was on his knees, slapped the

magazine of his gun and pointed the weapon directly at Plaintiff and told her to go upstairs when she had reached the bottom step of the staircase. At this point, another officer instructed her to come up the stairs "ending the situation." Compl. at ¶¶ 7-8.

The USMS has no record of ever conducting a fugitive investigation for Mr. Culbreath at or near Plaintiff's residence. Exhibit A, Declaration of Robert Brandt, Supervisor Deputy United States Marshal for the USMS ("Brandt Decl.") at ¶ 8. The record of the fugitive indicates that he is a violent man. By May 17, 2003, Mr. Culbreath had been arrested and convicted for several counts of armed distribution of drugs, assaults on police and individuals, and he had been arrested several times while in possession of a firearm. Mr. Culbreath had outstanding warrants at the time of the allegations and was wanted by four different law enforcement agencies. Id.

## ARGUMENT

### I. Standard of Review

In resolving a Fed. R. Civ. P. 12(b)(6) motion to dismiss, the court will treat the complaint's factual allegations as true and draw all reasonable inferences therefrom in the plaintiff's favor. Sullivan-Obst v. Powell, Secretary, Department of State, 300 F. Supp. 2d 85, 91 (D.D.C. 2004). Therefore, the complaint will be dismissed if the plaintiff can prove no set of facts in support of his claim that would entitle him to relief. Id. Finally, while "many well-pleaded complaints are conclusory, the court need not accept as true inferences unsupported by facts set out in the complaint or legal conclusions cast as factual allegations." Id.

### II. Plaintiff can not bring a Bivens cause of action against the Defendant

A Bivens cause of action cannot be brought against a federal agency. F.D.I.C. v. Meyer, 510 U.S. 471, 485 (1994) (Bivens "implied a cause of action against federal officials ... *because*

a direct action against the Government was not available."); Paolone v. Mueller, No. 05-2300, 2006 WL 2346448 (D.D.C. Nov. 29, 2005) (A suit for damages against government employees in their official capacities is the equivalent of an action against the government entity itself, ... and the claims are barred because any monetary recovery will come from the government's treasury). Here, the Plaintiff seeks jurisdiction under Bivens against the U.S. Marshals Service and has named the U.S. Marshals Service as the sole defendant. Because Bivens does not allow a cause of action against a federal agency, the Court should dismiss the complaint.

**III.    Sovereign immunity bars Plaintiff's claims**

Sovereign immunity bars all suits against the United States except in accordance with the explicit terms of the statutory waiver of such immunity. Cox v. Secretary of Labor, 739 F. Supp. 29, 30 (D.D.C. 1990); see also, United States v. Testan, 424 U.S. 392, 399 (1976); United States v. Mitchell, 445 U.S. 535, 538 (1980); Kline v. Republic of El Salvador, 603 F. Supp. 1313, 1316 (D.D.C. 1985). Congressional consent to suit in this Court, a waiver of the government's traditional immunity, must be explicit and strictly construed. Library of Congress v. Shaw, 478 U.S. 310, 318 (1986); United States v. Mitchell, 445 U.S. at 538; Fidelity Construction Co. v. United States, 700 F.2d 1379, 1383 (Fed. Cir.), cert. denied, 464 U.S. 826 (1983). A waiver of sovereign immunity, therefore, cannot be implied, but must be expressed "unequivocally" by Congress. Testan, 424 U.S. at 399; United States v. King, 395 U.S. 1, 4 (1969). Thus, absent clear congressional consent to entertain a claim against the United States, the District Court lacks authority to grant relief. Testan, 424 U.S. at 399; United States v. Sherwood, 312 U.S. 584, 586 (1941).

Therefore, to the extent that Plaintiff seeks money damages against the Defendant for any alleged statutory and constitutional violation, her complaint must be dismissed for lack of subject matter jurisdiction because the United States has not waived sovereign immunity for such claims. Meyer, 510 U.S. 471, 478 (1994) (United States has not waived sovereign immunity for money damages sounding in constitutional tort); Chen v. United States, 854 F.2d 622, 625-25 (2d Cir. 1988) (United States has not waived sovereign immunity for claims based on violations of constitution, statute or regulations).

**IV.    Plaintiff has failed to state a claim under FTCA**

The Federal Tort Claims Act, 28 U.S.C. §§ 2671-80 ("FTCA"), is the exclusive remedy for any loss from the tortious actions of federal agencies or employees. See 28 U.S.C. § 2679(b)(1). Plaintiff does not explicitly invoke the FTCA in her Complaint, and sovereign immunity bars constitutional torts as discussed above. However, if the Court permitted Plaintiff's claim to proceed under the FTCA, the Court should still dismiss the complaint because: A) Plaintiff failed to exhaust her administrative remedies; and B) Plaintiff failed to name a proper defendant.

*A.    Plaintiff failed to exhaust administrative remedies under FTCA*

Even if Plaintiff's claims were cognizable claims under the FTCA, they would fail as a result of Plaintiff's failure to exhaust her administrative remedies prior to suing in federal court. See 28 U.S.C. § 2675(a). Section 2675(a) provides that claimants may not institute an action against the United States for money damages for torts, committed by a federal employee acting within the scope of his employment, unless the claimant "shall have first presented the claim to the appropriate Federal agency" and "his claim shall have been finally denied by the agency in

-4-

writing." Courts routinely dismiss FTCA claims where a claimant could not demonstrate exhaustion of administrative remedies. See McNeil v. United States, 508 U.S. 106 (1993) (dismissing personal injury claim by prisoner under FTCA where the claim had not been either presented to or denied by the requisite agency). Plaintiff has not alleged that she filed an administrative complaint and in fact, the USMS has no record of any FTCA claim from Plaintiff arising out of the incident described in the Complaint. Brandt Decl. at ¶ 5. Therefore, the Court should dismiss any claims Plaintiff brings under the FTCA.[1]

> B.   *Plaintiff can not bring an action against Defendant under FTCA*

Even if Plaintiff's claims were cognizable claims under the FTCA, the Defendant would be an improper Defendant. Under the plain terms of the FTCA, only the United States is a proper defendant to such a suit, not a particular federal department or agency (such as the U.S. Marshal Service). See 28 U.S.C. § 2679(a); Cox v. Secretary of Labor, 739 F. Supp. 28, 29 (D.D.C. 1990) (suit against the Secretary of Labor rather than the government itself must be dismissed for lack of subject matter jurisdiction) (citing numerous cases); Galvin v. OSHA, 860 F.2d 181, 183 (5th Cir. 1988) ("an FTCA claim against a federal agency or employer as opposed to the United States itself must be dismissed for want of jurisdiction"); Stewart v. United States, 655 F.2d 741, 742 (7th Cir. 1981); Hagmeyer v. Department of Treasury, 647 F. Supp. 1300, 1304-05 (D.D.C. 1986) (dismissing FTCA claim against the Department of Treasury). Therefore, dismissal is warranted as to Defendant U.S. Marshal Service, and the United States

---

[1] Moreover, it would be futile for Plaintiff to file an administrative complaint now as the FTCA has a two year statute of limitations. 28 U.S.C. § 2401(b). Plaintiff's claims allegedly arise from May 17, 2003 incident, therefore her claims would be untimely.

should be the sole defendant in this matter.  Fed. R. Civ. P. 12(b)(1).

## V.      Plaintiff fails to state a constitutional claim

Even if Plaintiff's constitutional tort claims were cognizable, Plaintiff fails to allege any constitutional violation.  The Plaintiff alleges that the U.S. Marshals conducted an unreasonable search of her home on May 17, 2006, while searching for fugitive Ameer Culbreath.  Plaintiff alleges that the U.S. Marshals informed her that they were looking for Mr. Culbreath and that she consented to a search of her home.  One officer allegedly went down to the basement to look for Mr. Culbreath at some point.  The Plaintiff allegedly followed him and came upon him kneeling on the floor.  The officer allegedly then covered her with his weapon and directed her to go back upstairs.  A second officer allegedly noticed that she had gone downstairs and also directed her to come back upstairs.  The search allegedly concluded without further incident.  Compl. ¶¶ 1-8.

### A.     *There was no unreasonable search*

#### I.      Plaintiff consented to the search of her home.

The Fourth Amendment requires that a search be based on probable cause and executed pursuant to a warrant.  However, consent to search is a well-established exception to the Fourth Amendment's prohibition against warrantless searches of homes.  United States v. Matlock, 415 U.S. 164, 165-66 (1974).  Because the Plaintiff expressly stated in the complaint that she consented to the search of her home, her allegation that the U.S. Marshals had no warrant is irrelevant.  Compl. at ¶ 4.  Plaintiff does not allege that the consent was in any way involuntary.  Plaintiff does not contend that she, at any point, revoked or even desired to revoke her consent.

Moreover, there is no allegation in the complaint that the officers requested consent to search for any reason other than a legitimate endeavor to arrest a wanted subject. She also does not claim that the officers performed any activities, law enforcement or otherwise, beyond the search for the fugitive. Therefore, Plaintiff's allegations do not state a claim of a constitutional violation in this regard.

      B.     *There was no unreasonable seizure*

To the extent that Plaintiff alleges that an unreasonable seizure took place when she was directed at gunpoint away from an immediate area of the search, her allegations do not constitute a claim of a constitutional violation. A "seizure" triggering the Fourth Amendment's protections occurs only when government actors have, "by means of physical force or show of authority, ... in some way restrained the liberty of a citizen." Graham v. Connor, 490 U.S. 386, 395 (1989) *quoting* Terry v. Ohio, 392 U.S. 1, 19 n. 16 (1968); see Brower v. County of Inyo, 489 U.S. 593, 596 (1989). In Graham, the Supreme Court held that all claims that law enforcement officers have used excessive force of an arrest, investigatory stop, or other "seizure" of a free citizen should be analyzed under the Fourth Amendment and its objective reasonableness standard. 490 U.S. at 395. "The 'reasonableness' of a particular use of force must be judged from the perspective of a reasonable officer on the scene, rather than with the 20/20 vision of hindsight. . . . The calculus of reasonableness must embody allowance for the fact that police officers are often forced to make split-second judgments-in circumstances that are tense, uncertain, and rapidly evolving-about the amount of force that is necessary in a particular situation." Id. at 396-397.

Even taking the allegations in the light most favorable for the Plaintiff and considering

the known violent history of Mr. Culbreath, no fact finder could hold that an unreasonable seizure took place. In a search for a potentially dangerous wanted subject, it is hardly unreasonable for officers to restrict known occupants of a dwelling to an area where they can not be confused with the subject of the investigation. Michigan v. Summers, 452 U.S. 692, 704 (1981) (a warrant to search implicitly carries with it the limited authority to detain the occupants of the premises while a proper search is conducted); United States v. Calloway, 298 F. Supp.2d 39, 48 (D.D.C. 2003); USMS Policies and Procedures Manual, Volume VIII, Chapter 8, Section 8-5 Scope of Search, attached as Exhibit B. Such a practice ensures the safety of the occupants and the safety of the officers. In this case, however, the Plaintiff allegedly followed at some point after the officer and came upon him kneeling on the floor. Compl. at ¶ 7. When the officer noticed that Plaintiff had followed him down the stairs, he allegedly covered her with his weapon and directed her to go back upstairs. See Compl. at ¶ 7. A second officer noticed that she had gone downstairs and also allegedly directed her to come back upstairs. Compl. at ¶ 8. Plaintiff's allegations reveal brief and justifiable conduct that is eminently reasonable and obviously within the scope of prudent law enforcement conduct. Therefore, Plaintiff does not state a claim for a constitutional violation of her Fourth Amendment rights.

**VI.     Plaintiff can not maintain an action against any unnamed individual defendants**

No individuals are named in this suit and Fed. R. Civ. P. 10 (a) requires that the caption include the names of all the parties. If, however, the defendant, United States Marshals Service, should be liberally construed to mean unnamed officers of the United States Marshals Service, the Court should dismiss the complaint because: A) the officers have qualified immunity; B) this Court has no jurisdiction over any individual officers; and C) Plaintiff may not now add

individuals as defendants in this case.

    A.    *Any unnamed officer defendant would have qualified immunity*

Any individual defendants would be entitled to dismissal from this Bivens suit on the basis of qualified immunity. When qualified immunity is raised by a defendant, the plaintiffs cannot maintain a Bivens action against the defendant unless and until the plaintiffs show the defendants violated a clearly established constitutional right. Saucier v. Katz, 533 U.S. 194 (2001); Siegert v. Gilley, 111 S. Ct. 1789, 1793 (1991); Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982). Even if a clearly established constitutional right is violated, unless the unlawfulness of the official's actions was so apparent that no reasonable officer in the defendant's position could have believed in the lawfulness of those actions at the time, the qualified immunity doctrine protects the official from suit. Anderson v. Creighton, 483 U.S. 635 (1987) (holding that a federal official asserting a qualified immunity defense need only demonstrate that a reasonable law enforcement officer could have believed that his actions were lawful, in light of clearly established law and the specific information the officer possessed at the time of his actions); see Harlow, 457 U.S. at 818 (a federal official cannot be successfully sued in his individual capacity if he acted in good faith as measured by the objective legal reasonableness of his actions). Here, even if the U.S. Marshals violated a constitutional right, they would be entitled to qualified immunity as no reasonable officer would have believed that either the search in question or the seizure of Plaintiff was unlawful, as discussed above.

> B.    *The Court lacks personal jurisdiction over any unnamed defendant*

Furthermore, the Court must acquire personal jurisdiction in order to enter a binding judgment, Ali v. District of Columbia, 278 F.3d 1, 7 (D.C. Cir. 2002); Reuber v. United States, 750 F.2d 1039, 1049 (D.C. Cir. 1984). Any claims against individual defendants whom the Plaintiff has not served should be dismissed. Taylor v. Federal Home Loan Bank Bd, 661 F. Supp. 1341, 1350 (N.D. Tex. 1986) (dismissing claims against Doe defendants for lack of personal jurisdiction); see also Yothers v. Baker, 1985 WL 6410, *1 n.1 (D.D.C. 1985) (unnamed Doe defendants were not parties to the suit where they had not been identified or served with process and had not appeared). The record in this action does not establish personal service upon any federal officials in their individual capacities, see Docket, therefore any claims against federal officials should be dismissed.

> C.    *Plaintiff can not apply the relation back doctrine to add individual defendants outside the statute of limitations.*

Because Plaintiff failed to name any individual defendants within the statute of limitation period, Plaintiff may not now add individual defendants. Plaintiff claims a Bivens cause of action arising under the Constitution. However, the Constitution does not contain a statute of limitations. In the absence of a specified statute of limitations, courts generally look to the most closely analogous state statute of limitations. Wilson v. Garcia, 471 U.S. 261, 266 (1985). The statute of limitations for Bivens actions is generally accepted to be determined by statute of limitations for personal injury actions in the state where the incident forming the basis of the claim occurred. See Banks v. Chesapeake and Potomac Telephone Co., 802 F.2d 1416, 1418 (D.C. Cir. 1986). In the District of Columbia, the statute of limitations for personal injury claims

is three years.  See D.C. Code §12-301(8).  In the instant case, plaintiff alleges this cause of action arose on May 17, 2003.  Consequently, Plaintiff had no later than May 17, 2006 - within the three-year statute of limitations - to name individual defendants.

Under Fed. R. Civ. P. 15(c), failure to actually name individuals within the statutory period precludes relation back of their inclusion to the time of the filing of the original complaint.  Worthington v. Wilson, 8 F.3d 1253, 1256 (7th Cir. 1993) (finding that rule 15(c) prevented Plaintiff from availing himself of the relation back doctrine where complaint was filed against "unknown police officers" and Plaintiff had not named as defendants the individual police officers within the statute of limitations period).  Thus, Plaintiff may not now name individual defendants.

## **CONCLUSION**

For these reasons, the Defendant respectfully requests that this Court dismiss the complaint.

October 25, 2006                    Respectfully submitted,


_____/s/_____
JEFFREY A. TAYLOR, D.C. BAR # 498610
United States Attorney

_____/s/_____
RUDOLPH CONTRERAS, D.C. BAR # 434122
Assistant United States Attorney.

_____/s/_____
ANDREA McBARNETTE, D.C. Bar # 483789
Assistant United States Attorney
555 Fourth Street, N.W.
Washington, D.C. 20530
(202) 514-7153

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that the foregoing Motion to Dismiss was filed on October 25, 2006 and is expected to be served via Electronic Case Filing (ECF) upon:

Paul Hunt
4614 Wissahican Ave.
Rockville, MD 20853
(202) 463-1965

 

ANDREA MCBARNETTE
Assistant United States Attorney
Judiciary Center Building
555 4th Street, NW, Rm. E4212
Washington, D.C. 20001
(202) 514-7139