UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

Mary Komongnan                           *
                                         *
                                         *   06-00909(ESH)
Vs.                                      *
                                         *
                                         *
                                         *
U.S. Marshals Service                    *
                                         *

OPPOSITION TO MOTION TO DISMISS AND
INCORPORATED MEMORANDUM OF POINTS AND AUTHORITIES

Defendants make several arguments for dismissal based on failure to state a claim under Fed. Rule 12(b)6 and also lack of subject matter jurisdiction under Rule 12(b)1. Plaintiff responds as follows:

Firstly, the plaintiff is not maintaining a federal tort claim against the United States or making any argument that this court has jurisdiction to hear a suit against a federal agency. The defendant is maintaining a <u>Bivens</u> action against an unknown member of the U.S. Marshals Service for violation of constitutional rights of the plaintiff. Thus, the plaintiff would present to main areas of opposition to the defendants motion.

1) This suit was intended to be a <u>Bivens</u> action against an unknown member of the U.S. Marshals Service and thus the plaintiff would seek to amend to complaint to reflect such an action. The defendant would point to the Advisory Committee notes to amended Fed. Rule 15(c) as supportive of allowing this. The Advisory Committee stated, "an intended defendant who is notified within the period allowed by Rule 4(j) for service of a summons and complaint may not under the revised rule defeat the action on account of a defect in the pleading with respect to the defendant's name, provided that the requirements of clauses (A) and (B) have been met. If the

notice requirement is met within the Rule 4(j) period, a complaint may be amended at any time to correct a formal defect such as a misnomer or misidentification. Fed. R. Civ. P. 15(c) Advisory Committee notes (1991 Amendment). The plaintiff thus would argue that the titling of the complaint is a misnomer and amendment of the caption is allowable at any time to correct such a misnomer given the requirements of clauses (A) and (B) have been met. The defendant cites no authority from this circuit concerning this issue. The cases cited from the 7th Circuit seem to deal with an issue of amendment to a complaint to include named defendants that was not the product of a misnomer and, thus, are not otherwise supportive of a motion to dismiss in this particular case.

The plaintiff would also ask the court to deny that defendant's argument that issues of personal jurisdiction call for dismissal of this case. Although exact identity of the marshal is not known, clearly the person has sufficient contact with the District of Columbia to establish personal jurisdiction and it is equally clear that all of the events in the case occurred here as well. Thus, the cases cited by the defendant do not support dismissal of this case because of lack of personal jurisdiction.

The defendant focuses on the argument that the conduct at issue in the case did not violate the Fourth Amendment and, in any case, the qualified immunity of the officer is such that it would not have been clear and reasonable to an officer under these circumstances that he or she was violating an established constitutional right. The gist of the argument is that, under the circumstances, an officer searching a home for a fugitive who was known to be violent were reasonable in their actions when they pointed a gun at the fugitives mother as she came down the basement stairs and told her to go upstairs. Further, the defendant adds the element of qualified immunity to the argument indicating that the actions would have to be such that no reasonable

officer could have believed the actions were constitutional.

At this stage, the plaintiff submits that the court ought to reject a 12(b)6 dismissal. The issue at the center of this concerns the pointing of a gun at Ms. Komongnan. The plaintiff would submit that, taking all inferences in her favor, that the act of physically pointing a weapon at her after she consented to the search of the home was arguable, objectively unreasonable. It did nothing to further the safety of the officer and removing her from the basement could have been accomplished with sharp commands without having to resort to actually pointing a loaded weapon at the plaintiff. Thus, at this early stage, the plaintiff would ask the court to deny the defendant's motion to dismiss for failure to state a claim.

Respectfully Submitted,

Paul D. Hunt
4614 Wissahican Ave.
Rockville, MD  20853
Fed. Bar #4471812
Phone: 202-463-1965