UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MARY KOMONGNAN, )<br>)<br>      Plaintiff, )<br>) <br>v. )<br>)<br>U.S. MARSHALS SERVICE )<br>)<br>      Defendant. )<br>) | Case No: 06-00909 (ESH) |

## DEFENDANT'S REPLY IN SUPPORT OF MOTION TO DISMISS

Defendant U.S. Marshals Service ("USMS"), through counsel, submits this reply in support of Defendant's Motion to Dismiss. Plaintiff seeks damages under Bivens v. Six Unknown Named Agents of the Fed. Bureau of Narcotics, 403 U.S. 388 (1971) for an alleged unreasonable search.

## ARGUMENT

Plaintiff now states that her suit is not against the named Defendant, but against an unnamed and unknown member of the U.S. Marshals Service. Plaintiff's Opp. at 1. The Court should dismiss the Complaint because: A) Plaintiff's claims are time barred; B) this Court has no jurisdiction over any USMS officer; C) any USMS officer would have qualified immunity; D) the search was reasonable; and E) the seizure was reasonable.

    *A.    Plaintiff is Time Barred from Naming any Bivens Defendant*

Plaintiff seeks to amend the Complaint under Fed. R. Civ. P. 15(c) to add a new and unknown defendant outside the statute of limitations period. Compl. at 1. Under Rule 15(c)(3), relation back is only permitted when the plaintiff has made a "mistake concerning the identity of the proper party", not when a plaintiff has made no attempt to identify the intended defendants

during the permissible statute of limitations period.  See Garrett v. Fleming, 362 F.3d 692 (10th Cir. 2004) ( "seven of the eight circuits to have considered this issue," have ruled that "plaintiff's lack of knowledge of the intended defendant's identity is not a 'mistake concerning the identity of the proper party' within the meaning of Rule 15(c)(3)"); Grigsby v. Johnson, No. 95-213, 1996 WL 444052, *6 (D.D.C. May 14, 1996) ("While it does not appear that our circuit has spoken on the issue[,] this Court will join the other circuits in concluding that amendment of a party under Rule 15 requires a mistake"); Cf. Rendall-Speranza v. Nassim, 932 F. Supp. 19, 22 (D.D.C. Jul 08, 1996) (holding amendment adding new defendant relates back to the original complaint where original defendant was the supervisory employee of the new defendant, the new defendant wrote an amicus brief for the original defendant, and the new defendant "should have known that, but for a mistake, it would have been named.")[1].  Thus, Plaintiff's attempt to have "John Doe" pleadings cannot be used to circumvent the statutes of limitations.

     B.     *The Court Lacks Personal Jurisdiction over any Unnamed Defendant*

No USMS officer has been personally served pursuant to Rule 4(i)((2)(B).  See Docket. The Court must acquire personal jurisdiction in order to enter a binding judgment. Ali v. District of Columbia, 278 F.3d 1, 7 (D.C. Cir. 2002); Reuber v. United States, 750 F.2d 1039, 1049 (D.C. Cir. 1984).  Claims against individual defendants whom the Plaintiff has not served should be dismissed.  Yothers v. Baker, 1985 WL 6410, *1 n.1 (D.D.C. 1985) (unnamed Doe defendants were not parties to the suit where they had not been identified or served with process and had not appeared).  Because no USMS officer has been served, any claims against an unnamed USMS

---

[1] It can not be presumed that a U.S. Marshal is on notice because the U.S. Marshals Service is named as a defendant in a law suit.

officer should be dismissed.

    *C.*    *Any Unnamed Officer Defendant would have Qualified Immunity*

Furthermore any unnamed USMS officer would be entitled to dismissal from this Bivens suit on the basis of qualified immunity. If a constitutional right is violated, the qualified immunity doctrine protects the official from suit unless the unlawfulness of the official's actions was so apparent that no reasonable officer in the defendant's position could have believed in the lawfulness of those actions at the time. Anderson v. Creighton, 483 U.S. 635 (1987) (holding that a federal official asserting a qualified immunity defense need only demonstrate that a reasonable law enforcement officer could have believed that his actions were lawful, in light of clearly established law and the specific information the officer possessed at the time of his actions).

Here, the gist of Plaintiff's complaint seems to be that even though she consented to the search of her house, when she came upon a U.S. Marshal alone on his knees in the basement searching for the fugitive, he still covered her with his weapon as he ordered her out of the basement. The Plaintiff believes that the goal of getting her out of the basement could have been accomplished only with verbal commands and without a gun directed at her. Plaintiff's Opp. at 3. Although Plaintiff may not have considered herself to have been a potential danger to the officer, it was reasonable for the officer not to make such an assumption. Moreover, an officer's act of drawing his gun and pointing it at a civilian, without any further indication that he intended to attempt to use the weapon, does not state a constitutional violation. See Edwards v. Giles, 51 F.3d 155, 157 (8th Cir. 1995). Here, even if the U.S. Marshal violated a constitutional right, he would be entitled to qualified immunity as no reasonable officer would have believed

that the conduct at issue was unlawful.

      D.     *There was No Unreasonable Search*

The Plaintiff alleges that the U.S. Marshals had no warrant and that they conducted an unreasonable search of her home. Compl. at ¶ 4. However, consent to search is an exception to the Fourth Amendment's prohibition against warrantless searches of homes. United States v. Matlock, 415 U.S. 164, 165-66 (1974). Because Plaintiff consented to the search of her home, there was no unreasonable search. Compl. at ¶ 4. Thus, even if the U.S. Marshals had no warrant, the search was proper and did not violate Plaintiff's constitutional rights.

      E.     *There was No Unreasonable Seizure*

A "seizure" triggering the Fourth Amendment's protections occurs only when government actors have, "by means of physical force or show of authority, ... in some way restrained the liberty of a citizen." Graham v. Connor, 490 U.S. 386, 395 (1989) *quoting* Terry v. Ohio, 392 U.S. 1, 19 n. 16 (1968). Claims that law enforcement officers have used excessive force of an arrest, investigatory stop, or other "seizure" of a free citizen should be analyzed under the Fourth Amendment and its objective reasonableness standard. Graham, 490 U.S. at 395 ("The 'reasonableness' of a particular use of force must be judged from the perspective of a reasonable officer on the scene, rather than with the 20/20 vision of hindsight"). Id. at 396-397.

Plaintiff's claim that she was directed at gunpoint away from an immediate area of the search does not constitute a constitutional violation. Compl. at ¶ 7. Plaintiff admits that she followed the U.S. officer to the basement while he was conducting a search for the fugitive. It is reasonable for officers to restrict known occupants of a dwelling to an area where they can not be confused with the subject of the investigation. USMS Policies and Procedures Manual,

Volume VIII, Chapter 8, Section 8-5 Scope of Search, attached as Exhibit B to Defendant's Motion to Dismiss.  Plaintiff's allegations show justifiable conduct that is within the scope of prudent law enforcement conduct.  Therefore, Plaintiff does not state a claim for a constitutional violation of her Fourth Amendment rights.

## CONCLUSION

For these reasons, the Defendant respectfully requests that this Court dismiss the complaint.

November 15, 2006                           Respectfully submitted,


_____/s/_____
JEFFREY A. TAYLOR, D.C. BAR # 498610
United States Attorney


_____/s/_____
RUDOLPH CONTRERAS, D.C. BAR # 434122
Assistant United States Attorney.


_____/s/_____
ANDREA McBARNETTE, D.C. Bar  # 483789
Assistant United States Attorney
555 Fourth Street, N.W.
Washington, D.C. 20530
(202) 514-7153

CERTIFICATE OF SERVICE

I hereby certify that the foregoing reply was filed on November 15, 2006 and is expected to be served via Electronic Case Filing (ECF) upon:

Paul Hunt
4614 Wissahican Ave.
Rockville, MD 20853
(202) 463-1965

_____/s/_____
ANDREA McBARNETTE
Assistant United States Attorney
555 Fourth Street, N.W.
Washington, D.C. 20530
(202) 514-7153